# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1746
Lower Tribunal No. 16-29823
_____

**Gerardo Vito Roca Rodriguez,**
Appellant,

vs.

**Aura Yolanda Roca,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Abogados W, and Milvia Sierra, for appellant.

Aura Yolanda Roca, in proper person.

Before SUAREZ, FERNANDEZ, and LINDSEY, JJ.

SUAREZ, J.

Gerardo Roca ("Husband") appeals from the trial court's non-final order granting Aura Yolanda Roca's ("Wife") motion to vacate and amend the parties'

marital settlement agreement ("MSA"). We vacate the non-final order and remand for an evidentiary hearing pursuant to Casto v. Casto, 508 So. 2d 330, 333 (Fla. 1987).

The parties were married in 1997, and have two minor children. In December 2016, the Husband filed for uncontested dissolution of marriage. The petition was a form Petition for Dissolution from the Family Court Self-Help Program, provided by a private notary public who assisted the parties in filling out the form. That form, along with the MSA, provided for splitting marital property, distribution of debts, child support, no alimony, and parental time-sharing. The form was signed by both parties and notarized. When the parties went to the courthouse and the Family Court clerk examined the documents prior to filing, the Wife indicated she did not agree with the "no alimony" provision of the MSA and allegedly the clerk made a notation to that effect. That document, however, was not filed. The original document that indicated "no alimony" was filed. The Wife then filed a motion to vacate the MSA.

At the hearing on the Wife's motion to vacate, the trial court heard testimony from the notary who helped the couple prepare the Petition and Settlement document, and heard testimony from the Husband. The notary testified that she did not speak English well, but could read and write English well. She testified that she translated the MSA document from English into Spanish so that

the couple could better understand. The implication is that she helped them fill out the form, then notarized it. This is the document that indicates both parties waive alimony, and the document that was eventually filed with the court. At the end of the hearing, the judge vacated the MSA and granted the Wife's motion to amend based on the judge's determination that the notary was "probably practicing law without a license" and that "I'm not going to accept an agreement by a notary that doesn't speak English, I'm not convinced that all three people involved knew what was going on." When asked by Petitioner's counsel to make a factual finding on the record of fraud or duress, the judge said, "I just did." The Husband appeals.

To set aside a post-nuptial Marital Settlement Agreement, the trial court must make two inquiries. First, a spouse may set aside or modify an agreement by establishing that it was reached under fraud, deceit, duress, coercion, misrepresentation, or overreaching. Casto, 508 So. 2d at 333. Then,

> [t]he second ground to vacate a settlement agreement contains multiple elements. Initially, the challenging spouse must establish that the agreement makes an unfair or unreasonable provision for that spouse, given the circumstances of the parties. To establish that an agreement is unreasonable, the challenging spouse must present evidence of the parties' relative situations, including their respective ages, health, education, and financial status. With this basic information, a trial court may determine that the agreement, on its face, does not adequately provide for the challenging spouse and, consequently, is unreasonable. In making this determination, the trial court must find that the agreement is "disproportionate to the means" of the defending spouse. This finding requires *some evidence in the record to establish*

3

*a defending spouse's financial means*. Additional evidence other than the basic financial information may be necessary to establish the unreasonableness of the agreement.

Once the claiming spouse establishes that the agreement is unreasonable, a presumption arises that there was either concealment by the defending spouse or a presumed lack of knowledge by the challenging spouse of the defending spouse's finances at the time the agreement was reached. The burden then shifts to the defending spouse, who may rebut these presumptions by showing that there was either (a) a full, frank disclosure to the challenging spouse by the defending spouse before the signing of the agreement relative to the value of all the marital property and the income of the parties, or (b) a general and approximate knowledge by the challenging spouse of the character and extent of the marital property sufficient to obtain a value by reasonable means, as well as a general knowledge of the income of the parties. *The test in this regard is the adequacy of the challenging spouse's knowledge at the time of the agreement and whether the challenging spouse is prejudiced by the lack of information.*

Id. at 333 (citations omitted) (emphasis added). None of this analysis occurred below. In fact, the transcript of the hearing on the Wife's motion to vacate the MSA fails to establish any evidence of fraud, duress, coercion, deceit, misrepresentation or overreaching. There is also no financial information, no suggestion that the arrangement is unfair. At the time the MSA was filed, neither party was represented by counsel. It is contrary to the sworn testimony of the notary to conclude that she was practicing law without a license or gave the couple legal advice of any sort. The record does not suggest or establish that. As stated in Casto,

[t]he fact that one party to the agreement apparently made a bad bargain is not a sufficient ground, by itself, to vacate or modify a

4

settlement agreement. The critical test in determining the validity of marital agreements is whether there was fraud or overreaching on one side, or, assuming unreasonableness, whether the challenging spouse did not have adequate knowledge of the marital property and income of the parties at the time the agreement was reached. . . . Courts, however, must recognize that parties to a marriage are not dealing at arm's length, and, consequently, trial judges must *carefully examine* the circumstances to determine the validity of these agreements.

Id. at 334 (emphasis added).

Because there is no finding in either the record or the order on appeal whether any of the Casto elements were presented and analyzed, we vacate the order below and remand with directions to hold an evidentiary hearing and render subsequent written findings that comport with the analysis set forth in Casto.

Order vacated; remanded for evidentiary hearing.